1  STEVEN H. FELDERSTEIN, State Bar No. 056978
   JOAN S. HUH, State Bar No. 225724
2  FELDERSTEIN FITZGERALD WILLOUGHBY &
   PASCUZZI LLP
3  400 Capitol Mall, Suite 1450
   Sacramento, CA  95814
4  Telephone: (916) 329-7400
   Facsimile: (916) 329-7435
5
   Attorneys for TIAA-CREF
6

```
┌─────────────────────────────────┐
│            FILED                │
│   ┌─────────────────────────┐   │
│   │     OCT - 3 2008         │   │
│   │                          │   │
│   └─────────────────────────┘   │
│  UNITED STATES BANKRUPTCY COURT │
│   EASTERN DISTRICT OF CALIFORNIA│
└─────────────────────────────────┘
```

7

8                    UNITED STATES BANKRUPTCY COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                       SACRAMENTO DIVISION

11  In re:                              CASE NO.  05-36908-B-7

12  THOMAS ALAN DANIEL,                 DC No.: DNL-3

13           Debtor.                    Date:    June 23, 2008
                                        Time:    10:00 a.m.
14                                      Place:   Courtroom 32

15

16                 **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

17

18        The second amended objection of the chapter 7 trustee, Hank M. Spacone, to debtor

19  Thomas Alan Daniel's exemptions, the trustee's request for surcharge, and the trustee's request

20  for order compelling Teachers Insurance and Annuity Association – College Retirement Equities

21  Fund (TIAA-CREF) to account for and remit property of the estate and property subject to levy,

22  came on for continued hearing on June 23, 2008, at 10:00 a.m.

23        The chapter 7 trustee appeared by and through his attorney of record, J. Russell

24  Cunningham of Desmond, Nolan, Livaich & Cunningham.  Steven H. Felderstein and Joan S.

25  Huh of Felderstein Fitzgerald Willoughby & Pascuzzi LLP, appeared for interested party TIAA-

26  CREF.  All other appearances were as noted on the record.

27  ///

28  ///

RECEIVED
August 18, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001364892

1    Having given due consideration to the objection, the declarations and other evidence

2    submitted in support of the objection, any opposition and/or response filed, the record and

3    proceedings in the above-captioned case, any stipulations recited in open court, the arguments of

4    counsel and other interested parties at the hearing, and for other good cause shown, the court

5    hereby finds, as a matter of fact, and/or concludes, as a matter of law, as provided under Federal

6    Rules of Bankruptcy Procedure 7052 and 9014, in addition to any findings and conclusions stated

7    orally on the record, as follows:

8        1.    Thomas Alan Daniel's former employer, Emory University, remitted plan

9    contributions pursuant to two (2) annuity contracts, TIAA B & CREF Q, which funded the

10   ERISA-governed retirement plan. (June 23, 2008 Hr'g Tr. at pg. 4:24-25, pg. 5:11-12, pg. 8:8).

11       2.    During his employment at Emory University, Thomas Alan Daniel also made non-

12   plan after-tax contributions into separate After Tax Retirement Annuity Contracts, accounts

13   TIAA D4740470 and CREF V4740477 (the ATRA contracts). (June 23, 2008 Hr'g Tr. at pg.

14   19:7-15, pg. 9:21-22).

15       3.    Thomas Alan Daniel's employment with Emory University terminated in 1983.

16   (June 23, 2008 Hr'g Tr. at pg. 22:5-6).

17       4.    On October 14, 2005, the debtor, Thomas Alan Daniel, filed a voluntary chapter 7

18   petition. Hank M. Spacone was thereafter appointed the chapter 7 trustee of the debtor's

19   bankruptcy case. [Docket Nos. 1, 2]

20       5.    On May 8, 2006, the trustee filed his Objection to Claim of Exemption, by which

21   the trustee objected to the debtor's exemptions claimed in: (1) 954 Q Street; (2) the defined

22   benefit retirement plan at Washington Mutual; (3) the Emory University retirement account with

23   TIAA-CREF; and (4) the St. Louis University 401k retirement account. [Docket No. 43].

24       6.    On September 29, 2006, the bankruptcy court granted the trustee's Motion to

25   Approve Compromise RE: Objection to Claims of Exemption. The terms of the compromise

26   provided that only the trustee's objection to the debtor's claim of exemption for the defined

27   benefit retirement plan at Washington Mutual would be sustained. [Docket No. 68].

28       7.    On November 3, 2006, the trustee initiated Adversary Proceeding No. 06-2366

FINDINGS OF FACT AND CONCLUSIONS OF LAW

-2-

1  against the debtor, and Washington Mutual Bank, N.A., to recover funds that the debtor allegedly

2  withdrew and concealed post-petition from the defined benefit retirement plan at Washington

3  Mutual.  [Docket No. 1].

4       8.    On January 9, 2007, the trustee initiated Adversary Proceeding Nos. 07-2011 and

5  07-2174 against TIAA-CREF, seeking to surcharge the debtor's Emory University retirement

6  account with TIAA-CREF (07-2011), and the turnover of all accumulations in the debtor's TIAA-

7  CREF accounts as property that the trustee may use, sell or lease (07-2174). *Except for counts III and IV of Adversary 07-2174* The relief requested

8  by the trustee against TIAA-CREF in Adversary Proceedings No. 07-2011 and 07-2174 are the

9  same relief requested in the instant trustee's second amended objection.  (June 23, 2008 Hr'g Tr.

10  at pg. 12:16-25; pg. 13:1-22).

11       9.    At a June 13, 2007, hearing on the trustee's application for a default judgment

12  against the debtor in Adversary Proceeding No. 06-2366, the bankruptcy court granted the

13  trustee's application.  On June 22, 2007, a default judgment against the debtor was entered in the

14  amount of $112,297.31.  [Docket Nos. 85, 87].

15       10.   On June 19, 2007, the trustee's counsel contacted Ms. Margaret Byrne, associate

16  general counsel of TIAA-CREF, to request an account freeze of the debtor's TIAA-CREF

17  accounts.  (June 23, 2008 Hr'g Tr. at pg. 23:6-14, pg. 15:20-21).

18       11.   On June 20, 2007, pursuant to the request of Ms. Margaret Byrne, TIAA-CREF

19  effectuated a stop payment on the debtor's June 13, 2007, distribution request of his TIAA-CREF

20  accumulations.  (June 23, 2008 Hr'g Tr. at pg. 23:10-14).

21       12.   Based on the stop payment and re-crediting to the annuity contracts, the debtor's

22  accumulations under his TIAA B & CREF Q annuity contracts were never transferred or

23  liquidated.  (June 23, 2008 Hr'g Tr. at pg. 24:13-15).

24       13.   On June 22, 2007, the debtor's chapter 7 discharge was revoked.  (Docket No.

25  109].

26       14.   On July 10, 2007, the trustee's Motion for Relief from Order Approving

27  Compromise, which sought to vacate the trustee's September 29, 2006 exemption compromise,

28  was granted by the bankruptcy court.  The bankruptcy court denied the trustee's request for a

FINDINGS OF FACT AND CONCLUSIONS OF LAW

-3-

1  court ruling on the trustee's original objections to the debtor's exemptions without prejudice.

2  [Docket No. 133].

3      15.    On July 31, 2007, the trustee attempted to levy against the debtor's TIAA-CREF

4  accounts in execution of the $112,297.31 judgment by serving a Writ of Execution and a Notice

5  of Levy on the debtor and TIAA-CREF. (June 23, 2008 Hr'g Tr. at pg. 8:1-8).

6      16.    On October 15, 2007, TIAA-CREF issued a Memorandum of Garnishee, which

7  stated that the accumulations may not be garnished as the TIAA B & CREF Q accounts are

8  excluded from a debtor's bankruptcy estate pursuant to *Patterson v. Shumate*, 504 U.S. 753

9  (1992), and that the ATRA account is claimed by the debtor as exempt from the claims of

10  creditors. (June 23, 2008 Hr'g Tr. at pg. 8:5-8, pg. 26:11-15).

11      17.    On September 18, 2007, the bankruptcy court granted the debtor's attorney,

12  Richard G. Fathy's motion to withdraw as attorney. [Docket No. 157].

13      18.    On January 9, 2008, the trustee filed an amended objection to the debtor's claims

14  of exemption and surcharge request. [Docket No. 175].

15      19.    On January 16, 2008, the trustee filed a second amended objection to the debtor's

16  claims of exemption, request for surcharge, and request for order compelling TIAA-CREF to

17  account for and remit property of the estate and property subject to levy. [Docket No. 178].

18      20.    The second amended objection is a contested matter over which this court has

19  subject matter jurisdiction. *See* 28 U.S.C. § 1334(b) and 11 U.S.C. § 522. It is a core proceeding.

20  *See* 28 U.S.C. § 157 (b)(2)(A) and (B).

21      21.    The notice of the second amended objection complied in all respects with the

22  requirements of the Bankruptcy Code and the Bankruptcy Rules, and it fully and adequately

23  described the relief required in the objection and informed parties in interest how to receive all

24  supporting documentation for the objection. Under the circumstances of this case, the notice of

25  the objection provided fair and reasonable notice of the objection, the hearing on the objection,

26  and the deadline and procedures for opposing the objection.

27      22.    The objection and the notice of the hearing on the objection, as well as notice of

28  the deadline for a response to the objection, were duly served on all required and necessary

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1  parties, including the debtor, Thomas Alan Daniel, and TIAA-CREF, and their respective

2  attorneys, if any, and the Office of the United States Trustee.  Notice and service was in

3  accordance with Bankruptcy Rule 4003.

4       23.   The court sustains the opposition of TIAA-CREF, and denies the trustee's

5  requested relief, in part, as follows.

6       24.   Pursuant to *Patterson v. Shumate*, 504 U.S. 753 (1992), 11 U.S.C. § 541, and the

7  anti-alienation provisions of ERISA, the accumulations in the debtor's ERISA-governed TIAA B

8  & CREF Q accounts are not property of the debtor's chapter 7 bankruptcy estate, and are not

9  property that is subject to enforcement of a money judgment under applicable state law.  (June 23,

10  2008 Hr'g Tr. at pg. 35:19-22).

11       25.   No TIAA B & CREF Q account funds were released and actually paid to and

12  received by the debtor participant.  Pursuant to *Guidry v. Sheet Metal Workers Int'l Assoc.*, 10

13  F.3d 700, 710-11 (10th Cir. 1993), the debtor's TIAA B & CREF Q account accumulations

14  remain ERISA-protected.  None of the arguments involving the debtor's immediate right of

15  access to or constructive receipt of the TIAA B & CREF Q accumulations upon his Emory

16  University employment termination, or the debtor's written distribution request pursuant to the

17  annuity contract terms, or the mailing of distribution checks to the debtor participant or the

18  stopping of payment of said checks alter the fact that no TIAA B & CREF Q funds were released.

19  (June 23, 2008 Hr'g Tr. at pg. 30:12-13, pg. 30:25, pg. 32:10-11, pg. 35:23-25, pg. 36:1-2).

20       26.   As the accumulations in the debtor's TIAA B & CREF Q accounts are not

21  property of the debtor's chapter 7 bankruptcy estate, such accumulations cannot be

22  surcharged by the trustee as estate property.  Additionally, said accumulations are not subject to a

23  turn over and accounting request under 11 U.S.C. § 543, which is applicable to estate property.

24  (June 23, 2008 Hr'g Tr. at pg. 35:23-25, pg. 36:1-2; pg. 38:10-17, pg. 39:14-17).

25       27.   As the accumulations in the debtor's TIAA B & CREF Q accounts are not subject

26  to garnishment, execution, accounting restraint or other process due to the anti-alienation

27  provisions of ERISA, the California exemption statutes and enforcement of judgments law are

28  inapplicable to the TIAA B & CREF Q accounts. (June 23, 2008 Hr'g Tr. at pg. 35: 23-25, pg.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

-5-

36:1-2).

28.    The trustee's objections to the debtor's claimed exemptions for (1) the defined

benefit retirement plan at Washington Mutual account number 036100006506206 (June 23, 2008

Hr'g Tr. at pg. 36:15); and (2) the St. Louis University 401k retirement account held by American

Funds account number 75565216 (June 23, 2008 Hr'g Tr. at pg. 37:9-14), are sustained.

29.    The trustee's objections to the debtor's claimed exemptions for the ATRA

contracts, TIAA D4740470 and CREF V4740477, which were held outside of the ERISA-

governed Emory University retirement plan, are sustained.  (June 23, 2008 Hr'g Tr. at pg. 36:4-

6).  TIAA-CREF shall turn over and account for the debtor's accumulations currently held in the

ATRA contracts to the trustee pursuant to the distribution restrictions set forth under the terms of

the ATRA contracts.

30.    A separate order will be entered on the trustee's second amended objection.


Approved as to form and substance by:


_____
J. Russell Cunningham
Desmond, Nolan, Livaich & Cunningham
Attorneys for the Chapter 7 Trustee
Hank M. Spacone


Dated:

By the Court

_____
David E. Russell, Judge
United States Bankruptcy Court

FINDINGS OF FACT AND CONCLUSIONS OF LAW

-6-